```
JOHN T. WISE, Calif. State Bar No. 87567
DAVID ACEVEDO
140 Broadway, 19th Floor
New York, NY 10005
Telephone (646) 746-9700
Facsimile (646) 746-9940

FRANK D. KORTUM
300 N Los Angeles St, Ste 7516
Los Angeles, CA 90012
Telephone (213) 894-5710
Facsimile (213) 894-2380

Attorneys for Plaintiff
Commodity Futures Trading Commission
```





Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | Case No. CV 02-06619 PA (SHSx) |
| Plaintiff, | [~~PROPOSED~~] FINAL ORDER OF DEFAULT JUDGMENT |
| vs. | DATE: April 19, 2004<br>TIME: 1:30 p.m. |
| NAWAB ALI KHAN ALI, et al., | COURT: Courtroom of the Hon. Percy Anderson |
| Defendants. | |

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

**IT IS HEREBY ORDERED** that judgment shall be and is hereby entered in favor

1



of Plaintiff Commodity Futures Trading Commission ("CFTC") against Defendants Nawab Ali Khan Ali a.k.a. Nawab Khan a.k.a. Eric Ali ("Ali"), Romeo Ancheta, a.k.a. Roger Barreto ("Ancheta"), Mega Trend 2000, Inc. ("Mega Trend") and Sterling FX International, LLC ("Sterling") as follows:

## I.

## ORDER FOR PERMANENT INJUNCTION

1. Defendants Ali, Ancheta, Mega Trend and Sterling shall be and hereby are restrained and enjoined from directly or indirectly:

A. Violating, or aiding and abetting any other person in violating, Section 4(a) of the Commodity Exchange Act, 7 U.S.C. § 6(a)(2001), by offering to enter into, entering into, executing, confirming the execution of, or conducting business for the purpose of soliciting, accepting any order for, or otherwise dealing in any transaction in, or in connection with, a contract for the purchase or sale of a commodity for future delivery, when:

(i) such transactions have not been conducted on or subject to the rules of a board of trade which has been designated or registered by the Commission as a contract market or derivatives transaction execution facility for such commodity;

(ii) such contracts have not been executed or consummated by or through a contract market; and

(iii) such contracts have not been evidenced by a record in

2

writing which shows the date, the parties to the contract and their addresses, the property covered and its price, and the terms of delivery.

PROVIDED, HOWEVER, that this prohibition shall not apply to foreign currency contracts offered to a person who is an eligible contract participant within the meaning of Section 1a(12) of the Commodity Exchange Act, 7 U.S.C. § 1a(12)(A)(xi) (2001), or where the counterparty to such contracts, or the person offering to be the counterparty, is one of the regulated entities enumerated in Section 2(c)(2)(B)(i)-(ii) of the Commodity Exchange Act, 7 U.S.C. § 2(c)(2)(B)(i)-(ii) (2001).

2. The injunctive provisions of this Order shall be binding upon Defendants Ali, Ancheta, Mega Trend and Sterling, along with any of their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

## II.

## ORDER FOR PAYMENT OF RESTITUTION

3. Plaintiff CFTC is awarded judgment against Defendants Ali, Ancheta, Mega Trend and Sterling for restitution in the amount of $870,352.91, jointly and severally.

4. Restitution shall be paid as follows:

   A. For purposes of restitution the National Futures Association ("NFA" is hereby designated as the Monitor. Notice to the Monitor shall be made to Daniel A. Driscoll, Executive Vice President, Chief Operating Officer, or his successor, at the following address: National Futures Association, 200 West Madison St., Chicago, IL 60606.

   B. Restitution payments pursuant to this Order shall be tendered to the Monitor.

   C. Upon being served with copies of this Order after entry by the Court, financial institutions and other entities holding frozen funds or other property previously controlled by Defendants shall tender same to the Monitor.

   D. Restitution payments made to the Monitor shall be distributed to customers of Defendants Mega Trend and Sterling in accordance with a plan of distribution to be submitted by the CFTC, when approved by this Court.

4

## IV.

## ORDER FOR PAYMENT OF A CIVIL MONETARY PENALTY

5. Upon full satisfaction of their obligations to pay restitution, Defendants Ali, Ancheta, Mega Trend and Sterling each shall pay to the CFTC a civil monetary penalty in the amount of $120,000. Such payments to the CFTC shall be directed to the attention of Ms. Dennese Posey, Commodity Futures Trading Commission, Division of Enforcement, 1152 21st Street, N.W., Washington, DC. 20581.

**IT IS SO ORDERED**

DATED: May 11, 2004

UNITED STATES DISTRICT JUDGE

Presented by:

John T. Wise
Attorney for Plaintiff

5

PROOF OF SERVICE

I certify and declare that I am over the age of 18 years, not a party to the above-entitled action, and employed in the office of a member of the Bar of this Court at whose direction the service was made. My business address is 140 Broadway, 19th Floor, New York, NY 10005. On March 26, 2004 I served a true copy of [PROPOSED] FINAL ORDER OF DEFAULT JUDGMENT by depositing it with the United States Postal Service in a sealed envelope with the postage thereon fully prepaid to:

| | |
|---|---|
| Nawab Ali Khan Ali | Romeo Ancheta |
| Sterling FX International LLC | Mega Trend 2000, Inc. |
| 539 Cecil St. | 10799 Sherman Grove, Space 46 |
| Monterey Park, CA 91755 | Sunland, CA 91040 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 26, 2004 at New York, New York.

_____
Michael C. McLaughlin

5